IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:18-CR-00013-BRW

BERT WAYNE HOUSTON

**ORDER**

Defendant's motion for First Step Act credits (Doc. No. 30) is DENIED without prejudice.

The BOP is responsible for computing and applying time credits. If Defendant disagrees with the calculation, he must exhaust his administrative remedies with the BOP. If he remains unsatisfied after exhaustion, he can then file a petition for a writ of habeas corpus in the appropriate court.[1] Until the issue has been presented to the BOP and fully exhausted, Defendant's request is premature.

IT IS SO ORDERED this 18th day of January, 2023.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). This judicially created exhaustion requirement is not mandated by statute or a jurisdictional prerequisite, see *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), but its fulfillment promotes several purposes:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).